In re STODDARD. (No. 72.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

ATTORNEY AND CLIENT (§ 58*)—DISBARMENT—CENSURE.

In proceeding against an attorney on charges of professional misconduct, evidence *held* to require a censure.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76–78; Dec. Dig. § 58.*]

In the matter of charges of professional misconduct against Charles H. Stoddard, an attorney. Respondent censured.

See, also, 149 App. Div. 947, 134 N. Y. Supp. 1147.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Einar Chrystie and Frank L. Crocker, both of New York City, for petitioner.

Mortimer C. Addoms, of New York City, for respondent.

PER CURIAM. We think respondent was guilty of such unprofessional conduct as to justify discipline. We credit him with the right to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

protect his interests in the mortgaged property and with the motive so to do in the foreclosure proceeding; but in the steps which he took. we think he exceeded the bounds of propriety and resorted to methods and to acts which were censurable. From first to last he sought and by deceptively drawn affidavits often succeeded in inducing the court to believe that the several purchasers were independent of the respondent and of each other, and were not mere dummies acting as screens behind which respondent concealed his identity. We will not attempt to enumerate in detail individual improper acts of which respondent was guilty. It is sufficient to point out that some were generic and may be said to characterize the respondent's general course of conduct. The following are examples: Deceptive methods by which several of the purchasers were procured to consent to act; dummies, pure and simple, from whom the actual situation was wholly or in part concealed, and who were thus enabled to make affidavits, more or less equivocal, of their good faith and of their pretended interests, which they were thus and with apparent honesty and in their own behalf seeking to protect. Again, the repeated putting forward, in affidavits and otherwise, of the pretended rights of various purchasers as grounds for relief or objection by a succeeding purchaser, was simply dishonest.

But, although respondent's conduct was unprofessional, it seems probable that it was incited to a considerable degree, and, therefore, that it is palliated, by the acts of the plaintiff's attorneys, who were unreasonable and oppressive in the course they pursued. This is evidenced by their demands for extortionate sums as so-called fees or charges for services in extending the mortgage or in postponing one or more of the sales, and their refusal at times and their inducing the referee to refuse what would seem no more than a reasonable postponement for passing title. The security for the mortgage seems to have been ample, and a receiver was in possession collecting the rents. Apparently plaintiff's attorneys refrained from at any time making a motion to compel the purchaser to complete, which would have brought the matter to a head, and by repeatedly asking for a resale, in the light of their general conduct, they induce the suspicion that they were seeking either wholly to confiscate or to impound as a fund for the payment of more fees the several payments of 10 per cent. made by each successive purchaser, rather than put an end to respondent's dilatory practices. On one side, the contest seems to have been pursued for booty and ransom, and on the other for delay. We take a more lenient view of the conduct of an attorney who under such circumstances resorts to practices which we cannot approve to protect his own individual interests than we do of the acts of one who has been unfaithful to a client.

For these reasons, although some of the members of the court are of opinion that the conduct of the respondent merits more severe discipline, the majority of the court are of opinion that, with this censure, it is unnecessary to take further proceedings in the matter.