In the Matter of the Application of WILLIAM J. REED, Respondent, for the Sale of Real Estate of HENRY M. BAILEY, Deceased, for Payment of His Debts.

FRANCES H. STODDARD, as Administratrix, et al.,
Appellants.

Decedent's estate— proceeding to mortgage real estate of decedent — to give court jurisdiction of such proceeding notice to all creditors and parties described in the statute (Code Civ. Pro. §§ 2523, 2754) must be given as prescribed by law.

It is the function of the administrators in a proceeding to mortgage the real estate of their testator to safeguard the rights of creditors. Notice to all parties described in the statute in such a proceeding is a jurisdictional requirement and may not be dispensed with. The remedy is statutory, and the statute must be strictly followed. (Code Civ. Pro. [1911] §§ 2523, 2754.)

*Matter of Reed*, 159 App. Div. 931, reversed.

(Submitted February 26, 1915; decided March 23, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 23, 1913, which affirmed a decree of the War-

ren County Surrogate's Court directing the administrators of Henry M. Bailey, deceased, to mortgage his real estate in order to pay an alleged debt.

The facts, so far as material, are stated in the opinion.

*Charles H. Stoddard* for appellants. The petition is radically and fatally defective in that it is signed, not by the petitioner, but by Beecher S. Clother, as attorney, and is verified by Beecher S. Clother, and not by petitioner. (*Schneider* v. *Leizman,* 57 Hun, 561; *Ellwood* v. *Northrup,* 106 N. Y. 172; *Atkins* v. *Kinnan,* 20 Wend. 241; *Bethell* v. *Torrey,* 65 N. Y. 294; *Stilwell* v. *Swarthout,* 81 N. Y. 109.) The surrogate did not obtain jurisdiction over the persons necessary to make his decree effective. (*Jenkins* v. *Young,* 35 Hun, 569; *Kammerer* v. *Ziegler,* 1 Dem. 177; *Matter of Georgi,* 44 App. Div. 180; *Stilwell* v. *Swarthout,* 81 N. Y. 109.) The surrogate did not obtain jurisdiction because the citation was not served by publication. (*Yates* v. *Lansing,* 9 Johns. 395; *Smith* v. *Foote,* 12 Wend. 9; *Denning* v. *Corwin,* 11 Wend. 648.)

*Beecher S. Clother* for respondent. The surrogate had jurisdiction, and obtained jurisdiction of the subject-matter and the parties. (*James* v. *Adams,* 22 How. Pr. 409; *Harrison* v. *Clark,* 20 Hun, 404; 87 N. Y. 572; *Matter of Finn,* 8 Civ. Pro. Rep. 206; *Matter of Delaplaine,* 12 Civ. Pro. Rep. 35; Code Civ. Pro. § 2481, subd. 2; *Van Deusen* v. *Sweet,* 51 N. Y. 378; *Matter of German Bank,* 39 Hun, 181; *Merchant* v. *Merchant,* 25 N. Y. S. R. 268; *Coley* v. *Tallman,* 107 App. Div. 445; *Maher* v. *Eckert,* 115 App. Div. 580; *Block* v. *Block,* 131 App. Div. 850.) The attorney for the petitioner had authority to sign and verify the petition. (*Morehouse* v. *Hutchins,* 2 Dem. 429.)

CARDOZO, J. This is a proceeding by a creditor for the sale or mortgage of the real property of a decedent. It

was begun in 1911, and is, therefore, governed by the statutes in force before the recent revision of practice in the Surrogates' Courts. (L. 1914, ch. 443, sections 2701, 2705, 2771.) The creditor's claim is for $100 and interest. The form of his petition is criticised, but we think its averments are sufficient. We think also that the verification of the petition by the attorney is sanctioned by the statute. (Code Civ. Pro. section 2534, now section 2525.) But the omission to serve the citation upon the creditors makes it impossible for us to sustain the order until that requirement has been satisfied. The statute (previous to the recent revision) provided: "Unless the executor or administrator has caused to be published, as prescribed by law, a notice requiring creditors to present their claims, and the time for the presentation thereof, pursuant to the notice, has elapsed, the citation must be directed, generally to all other creditors of the decedent, as well as the creditors named." (Code Civ. Pro. section 2754.) A citation thus addressed to unknown creditors as a class must be served by publication. (Code Civ. Pro. section 2523.) The petition does not allege that a notice to present claims has been published, and the evidence is that it has not been published. The statute, therefore, required that the citation be addressed to the creditors generally. The petitioner obtained such a citation, but did not serve it. He served the heirs and the administrators only. We think there can be no mortgage of the estate until the omission has been made good.

It is true the petition alleges that there are no creditors other than the petitioner. It is also true that the heirs and one of the administrators have answered, and have not traversed this averment. But until notice to present claims has been published, the creditors must remain uncertain. They are not to be cut off because the heirs and the administrators have not heard of them. The very purpose of the statute was to give assurance that all

creditors, unknown as well as known, should have notice of the proceeding.

It is argued that the heirs are not aggrieved by the omission to publish the citation against creditors, and cannot take advantage of the omission, to gain a reversal of the order. Even if that argument were sound, it would not apply to the administrators, one of whom has joined in this appeal. It is the function of the administrators in such a proceeding to safeguard the rights of creditors. (*Jenkins* v. *Young*, 35 Hun, 569, 572.) They cannot do this unless all creditors, unknown as well as known, are brought before the court. Notice to all parties described in the statute is a jurisdictional requirement. It may not be dispensed with because in a particular instance it may seem profitless. We cannot know in this case whether it will be profitless or not. We do know that if other creditors shall unexpectedly appear, they will have an equal right with the petitioner to share in the proceeds of a sale or mortgage of the estate. The remedy is statutory, and the statute must be strictly followed. (*Matter of Roberts*, opinion of WILLARD BARTLETT, Ch. J., 214 N. Y. 369.)

The order should be reversed, and the matter remitted to the Surrogate's Court, to the end that service of the citation may be made upon the creditors. The proceedings prior to the date of the surrogate's decision may stand, however, in full force and effect as against all parties heretofore served with the citation; and the costs in the Appellate Division and in this court will abide the final award of costs to be made by the surrogate.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, MILLER and SEABURY, JJ., concur.

Order reversed, etc.