In the Matter of the Application of WILLIAM J.
REED, Respondent, as a Creditor of HENRY M. BAILEY,
Deceased, for Sale of Real Estate.

FRANCES H. STODDARD, as Administratrix of HENRY M.
BAILEY, Deceased, et al., Appellants.

Surrogate's Court — sale of decedent's real property for pay-
ment of debts — citation to unknown creditors.

An order of a Surrogate's Court directing a sale of a decedent's
real property for payment of his debts will be reversed where it
appears that the petitioner published the citation to unknown
creditors on his own authority without obtaining any order of
publication from the surrogate.

*Matter of Reed*, 171 App. Div. 21, reversed.

(Argued May 24, 1916; decided June 6, 1916.)

APPEAL from an order of the Appellate Division of the
Supreme Court, in the third judicial department, entered
January 12, 1916, which affirmed an order of the Warren
County Surrogate's Court directing a sale of real estate
of Henry M. Bailey, deceased, for payment of an alleged
debt.

*Charles H. Stoddard* for appellants.

*Beecher S. Clother* for respondent.

*Per Curiam.* This is an application for leave to sell
the real estate of the decedent to pay his debts. When
the matter was before this court on a former appeal (214
N. Y. 383) we held that the proceedings were defective,
because it was a case which required the publication of a
citation to unknown creditors, and that requirement had
not been complied with. We reversed the order on that
appeal and remitted the matter to the Surrogate's Court,
to the end that a citation might be properly published as
the law requires.

It now appears that after the case was again in the
Surrogate's Court the petitioner published a citation to
unknown creditors on his own authority without obtain-

ing any order of publication from the surrogate. It is to be regretted that the order directing a sale of the decedent's property must be again reversed, but this court cannot overlook such a grave error as that pointed out.

The other objections to the order made by the appellants seem to us untenable and they do not require consideration. The order appealed from should be reversed and the matter again remitted to the Surrogate's Court, to the end that service of the citation may be properly made upon the creditors. The proceedings prior to the date of the surrogate's decision, reviewed on the former appeal, may stand, however, in full force and effect as against all parties heretofore served with the citation, and the costs in the Appellate Division and in this court will abide the final award of costs to be made by the surrogate.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDE-BACK, HOGAN, CARDOZO and POUND, JJ., concur.

Ordered accordingly.