In the Matter of the Application of WILLIAM J. REED, as a
    Creditor of HENRY M. BAILEY, Deceased, for Permission to
    Sell Real Estate to Pay Debts of Said HENRY M. BAILEY.

FRANCES H. STODDARD, as Administratrix, etc., of HENRY M.
    BAILEY, Deceased, and BLANCHE T. BECHOFF, Appellants;
    WILLIAM J. REED, Petitioner, Respondent.

Third Department, March 16, 1917.

Surrogate's Court — remittitur by Court of Appeals with direction that
    unknown creditors be served by publication — proceeding to sell
    real estate of decedent to pay debts — when remittitur does not
    require surrogate to rehear issues already determined — practice —
    service of unknown creditors by publication.

Where a decree of the Surrogate's Court directing the mortgaging of real
    estate for the payment of a debt due to a creditor of the estate was
    reversed by the Court of Appeals upon the ground that there was no
    due service by publication of a citation upon unknown creditors, and
    the case was remitted to the Surrogate's Court to the end that such
    service could be properly made, with a provision that the prior decree

of the surrogate may stand in full force as against all parties theretofore properly served with citation, and on a motion for a reargument the Court of Appeals denied the same with a statement that its decision did not preclude an appellant from proving a deed of the property to her, which deed had previously been excluded from evidence by the surrogate on the ground that the conveyance had been made in an attempt to deceive the court and to protract the litigation, the ruling of the Court of Appeals did not preclude the surrogate from again excluding the appellant's deed from evidence or from striking out her answer. The remittitur of the Court of Appeals left it open to the surrogate to determine in his discretion whether in the interests of justice he should reopen the matters previously decided and have a rehearing thereof.

*Held*, that the surrogate did not abuse his discretion in refusing to permit the appellant to retry the issue already tried.

Although the remittitur of the Court of Appeals in the possession of the appellant's attorney was not filed until the appellant's attorney was ordered by the court to do so, and although the surrogate did not make an order making the decision of the Court of Appeals the decision of the Supreme Court, the defect does not constitute reversible error as an order may issue requiring the remittitur to be filed *nunc pro tunc*.

Where there were no creditors of the estate other than the petitioner and the court directed that a citation be served by publication only as against unknown creditors, the service was not defective because the order of publication was contained in the order that the citation issue.

When a citation is to be served only upon unknown creditors it is unnecessary to say in the affidavit or in the order that deposit in the post office or delivery without the State is dispensed with, because the very theory upon which the publication is granted is that the persons are entirely unknown and cannot be otherwise described than as unknown creditors.

COCHRANE, J., dissented.

APPEAL by Frances H. Stoddard, as administratrix, and another, from a decree of the Surrogate's Court of Warren county, entered in the office of said Surrogate's Court on the 9th day of November, 1916.

*Charles H. Stoddard*, for the appellants.

*Beecher S. Clother*, for the respondent.

KELLOGG, P. J.:

Most of the questions urged by the appellants have already been decided against them in this case by this court and the Court of Appeals. The proceeding was to sell the real estate

Third Department, March, 1917.          [Vol. 177.

of the decedent for the payment of his debts.    Mrs. Stoddard was the administratrix, and she and her sister were the only heirs at law and next of kin.    She is the wife of the appellants' attorney and the mother of the other appellant.    Mrs. Stoddard personally, and as administratrix, and her sister contested upon the hearing the allegations of the petition.    A full hearing was had before the surrogate, and he made a final decree directing the mortgaging of the real estate for the payment of the debt due to the petitioner.    The record shows there were no other creditors.

Upon appeal to this court the decree was unanimously affirmed (159 App. Div. 931).    Upon appeal to the Court of Appeals (214 N. Y. 383) the order was reversed upon the ground (not raised before) that a notice requiring creditors to present their claims not having been published, the citation must be issued generally to all other creditors of the deceased as well as to the creditors named.    The decision was: " The order should be reversed, and the matter remitted to the Surrogate's Court, to the end that service of the citation may be made upon the creditors.    The proceedings prior to the date of the surrogate's decision may stand, however, in full force and effect as against all parties heretofore served with the citation; and the costs in the Appellate Division and in this court will abide the final award of costs to be made by the surrogate."

Thereafter, upon the return of a citation issued to all of the creditors, Mrs. Stoddard, as administratrix, filed an answer substantially like their previous answer, and Blanche T. Bechoff, the daughter, appeared by her father as attorney and filed an answer and produced an unrecorded deed purporting to be made by her mother to her June 7, 1910, acknowledged before the father on that day, with a certificate of the county clerk attached dated July 8, 1915, a few days prior to that hearing. She sought to put the deed in evidence and to contest again all the matters that had been decided by the previous decree and the decisions upon appeal.    The surrogate refused to receive the deed and struck out her answer upon the theory that her rights, if any, were subject to the decree, and that the hearing under the remittitur was limited to the creditors.    The surrogate refused to retry the issues.    Upon appeal to this court

(171 App. Div. 21) the decision of the surrogate was affirmed, and in the opinion we reviewed the history of the case and, among other things, said: " The attorney did not explain why he appeared for the mother as heir at law, and a half owner of the real estate sought to be sold, when he knew that that interest belonged to the daughter by the deed acknowledged before him. There was no suggestion that the daughter did not know of the former trial, and of all the proceedings in the case. The surrogate had the right to infer that she did know when she came into court upon the arms of her father and mother who had deceived the court if the daughter's position is true, and he was justified in striking out her answer and assuming that it was another step to protract unnecessarily the litigation. If she had kept silent, knowing that her mother was engaged in the trial before the surrogate and carrying on the appeal as an heir and the owner of a part of the real estate sought to be partitioned, justice required that she should not be heard. The surrogate had the right to assume that such was the fact until an explanation of the peculiar situation was offered."

Upon appeal to the Court of Appeals (218 N. Y. 711) the decree was reversed upon the ground (then taken for the first time) that it did not appear that any order had been made for the service of the citation by publication, and, therefore, the service to the creditors directed by the former decision had not been made. We quote from the opinion, page 712: " The other objections to the order made by the appellants seem to us untenable and they do not require consideration. The order appealed from should be reversed and the matter again remitted to the Surrogate's Court, to the end that service of the citation may be properly made upon the creditors. The proceedings prior to the date of the surrogate's decision, reviewed on the former appeal, may stand, however, in full force and effect as against all parties heretofore served with the citation, and the costs in the Appellate Division and in this court will abide the final award of costs to be made by the surrogate."

A motion for reargument was made in behalf of the appellants and denied by the Court of Appeals. We quote the decision (219 N. Y. 543): " Motion for reargument denied. Nothing in our decision concludes the appellant Blanche T. Bechoff

from proving that a deed has been delivered to her, and thereby
making herself a party to the proceeding."

When the matter came before the surrogate after that deci-
sion the deed was again offered in evidence by Mrs. Bechoff
and a similar answer interposed.   The mother again interposed
an answer similar to her former answer.   The mother and
daughter swore that the deed was delivered at about its date;
the husband's testimony as to the transaction with reference to
the deed between the mother and daughter was excluded and
the answer stricken out, the deed rejected and a final decree
was again made for the mortgaging of the property.

As we interpret the decision of the Court of Appeals, it does
not require that the surrogate reconsider his decision in reject-
ing the deed and striking out the answer of Blanche T. Bechoff.
It means that the decision of the Court of Appeals shall not
interfere with the right of the appellants to bring that matter
before the surrogate for his consideration.   It is left with the
surrogate to determine in his discretion whether in the inter-
ests of justice he will reopen that matter and have a rehearing
upon that subject, for the former decision in 218 New York
holds that as to the objections made to the order by the appel-
lants other than that upon which the reversal rested, they were
untenable, and do not require consideration.   It was a direct
question before that court whether or not Mrs. Bechoff had
been deprived of any legal right by the decision of the surro-
gate in rejecting her deed and striking out her answer.   There
was no attempt made by Mrs. Bechoff before the surrogate to
show that she did not know of the first trial or that she did not
purposely conceal her deed.   She made no attempt to show
her good faith or to excuse her default.   It would naturally
be inferred that she had some knowledge or information con-
cerning the protracted litigation carried on by her father and
mother with reference to her property.   Holding under a secret
deed, if she wanted to be heard, it was for her to show that she
had acted promptly and that she did not suffer the proceedings
to go on upon the assumption that the mother was the owner
when she knew that she herself was.   If the deed was valid,
of course the father and the mother were guilty of an inten-
tional fraud upon the court, and did not stand in good favor in

that respect.    The surrogate has held that the mother was the owner of a half interest in the property, and we approve of that finding.    The appellants' attorney has not taken warning from *Matter of Stoddard* (165 App. Div. 902), but seems willing to resort to any practice to carry his ends.    We cannot believe that if the daughter had owned the half interest that he and the mother would have committed a fraud upon the court and carried on the litigation in the name of the mother rather than the daughter. · They stand discredited before the court, and we find as a fact that the deed was not delivered until after the first decree made by the surrogate. Every question sought to be raised by Blanche T. Bechoff as to the deed and the answer had been decided against her by this court and the Court of Appeals.    The surrogate did not abuse his discretion in refusing to permit her to retry the issue already tried.    The deed may be valid between her and her mother, subject to the provisions of the decree, but the premises are not to be sold.    The decree provides that they may be mortgaged, and while perhaps it would have been better to have left her answer in the case, we cannot see that she is prejudiced by its omission.    The surrogate found that she asked to be made a party, but refused to find that her application was denied.    She was in fact treated as a party, the surrogate holding that the answer did not affect the issues tried.

After the last decision by the Court of Appeals the remittitur went to the appellants' attorney.    He refused to file it, but by order of the court was required to file it.    The record does not show that the remittitur was filed, or that an order was entered by the surrogate making the decision of the Court of Appeals the decision of this court.    We need not discuss whether the appellants are in a position to urge that the surrogate had no jurisdiction because the remittitur was not filed.    It is sufficient to say that no reversible error has been presented in that respect, and that an order may now issue requiring it to be filed *nunc pro tunc*.    (*Chautauqua County Bank* v. *White*, 23 N. Y. 347.)

The appellants now urge the objection that the order for publication was contained in the order that a citation issue, and

that such an order cannot be made until after the citation has issued. Here the record shows that there were no other creditors, but that it was necessary to publish against unknown creditors, and the matter was remitted to the surrogate for service. It is a purely technical objection that a citation must first issue to unknown creditors, and after that another order must be made directing how it shall be served. The order requires the service to be made by publication as therein stated, and says that such service "shall be sufficient service." When a citation is to be served only on unknown creditors it is unnecessary to say in the affidavit or in the order that deposit in the post office or delivery without the State is dispensed with, because the very theory upon which publication is here granted is that the persons are entirely unknown and cannot be otherwise described than as unknown creditors.

We conclude that as matter of substance the decree is right and that the objections thereto are purely technical and should be overruled, and do not affect the substantial rights of the parties. The petitioner should be paid and there should be an end to the litigation. The decree should be affirmed, with costs.

All concurred, except COCHRANE, J., who dissented.

Decree affirmed, with costs. This court finds as a fact that the alleged deed to Mrs. Bechoff was made and delivered after the first decree was made by the surrogate, and that her rights under said deed are subject to said decree; that her mother, her father and herself are discredited by the history of the case and their conduct in it, and if the evidence of the father and mother had been received with reference to the deed it could not have changed the result. The court directs, as a part of its decision, that the surrogate enter an order *nunc pro tunc* making the decision of the Court of Appeals the decision of this court.