In the Matter of the Application of WILLIAM J. REED,
Respondent, for Permission to Sell Real Estate to Pay
Debts of HENRY M. BAILEY, Deceased.

FRANCES H. STODDARD, as Administratrix, et al.,
Appellants.

**Appellate Division may not base a finding upon the conclusion
that if proper evidence had been received it would have been
incredible because in the judgment of the court the witnesses were
discredited by the history of the case and their conduct in it.**

1. The Appellate Division cannot base a finding upon no evidence,
but upon its conclusion that if proper evidence on a plain question
of fact had been received it would have been incredible,

2. It is reversible error for that court in order to cure an error and sustain a decree of a surrogate, to find that if competent evidence offered by appellant had been received the witnesses were discredited by the history of the case and their conduct in it, and the evidence offered could not have changed the result.

*Matter of Reed*, 177 App. Div. 76, reversed; 178 App. Div. 942, appeal dismissed.

(Argued June 8, 1917; decided July 11, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 21, 1917, which affirmed a decree of the Warren County Surrogate's Court directing the sale of real estate of Henry M. Bailey, deceased, for the payment of his debts. Also appeal from an order of said Appellate Division entered May 8, 1917, which affirmed an order of the Warren County Surrogate's Court denying a motion for additional security for costs.

*Charles H. Stoddard* for appellants.

*Beecher S. Clother* for respondent.

POUND, J. This proceeding is here for the fourth time. We sent it back once because no citation to creditors generally had been issued (214 N. Y. 383), and again because the citation was published without obtaining an order of publication (218 N. Y. 711).

We said (219 N. Y. 543) in denying a motion for re-argument on the second appeal that "Nothing in our decision concludes the appellant Blanche T. Bechoff from proving that a deed had been delivered to her, and thereby making herself a party to the proceeding."

When the matter came before the surrogate after our decision he refused to receive in evidence the deed offered on the part of the appellant Blanche T. Bechoff or the evidence to the effect that such a deed had been delivered to her prior to the filing of the petition herein and refused to make her a party to the proceeding, and the Appellate Division has found, in order to cure this error and sustain the decree of the surrogate:

"* * * as a matter of fact that the alleged deed to

Mrs. Bechoff was made and delivered after the first decree was made by the surrogate, and that her rights under said deed are subject to said decree; that her mother, her father and herself are discredited by the history of the case and their conduct in it, *and if the evidence of father and mother had been received with reference to the deed it could not have changed the result * * *."*

Such disregard of the rights of appellants under the decision of this court should not pass unnoticed. It has never been held that because competent evidence may be found unworthy of belief it may be excluded from the consideration of the trier of fact. It has never been held that the Appellate Division may base a finding upon no evidence but upon its conclusion that if proper evidence on a plain question of fact had been received it would have been incredible. If competent evidence of qualified witnesses may be excluded because in the judgment of the court it would be a waste of time to hear it, proceedings may be disposed of arbitrarily. This is not a proper field for the enlargement of the court's discretion. The proceeding has been conducted by the petitioner with almost marvelous disregard of the plain provisions of the Code of Civil Procedure and the determinations of this court. The amount involved is small and the proceeding should be brought to a conclusion, but we cannot affirm without affording a troublesome precedent. If the surrogate had passed adversely to the claim of the appellant Blanche T. Bechoff after receiving the evidence of the delivery of the deed, that would have put an end to the litigation. If she had been allowed to come in and defend the proceeding she might or might not have been successful. But, on the objections and motions of petitioner's counsel, the surrogate, with ample opportunity to dispose of the proceeding on the facts, refused to hear the evidence. We cannot adopt the summary disposition of the matter by the Appellate Division as satisfactory.

The order affirming decree should be reversed and the proceeding remitted to the surrogate for a hearing *de*

*novo* of the allegations and proofs of the parties and of the application of Blanche T. Bechoff to be allowed to come in and defend the proceeding, with costs of this appeal in this court and in the Appellate Division to the appellants against the respondent.

The order denying appellants' application to compel petitioner to file an additional undertaking as security for costs is not appealable to this court without permission (Code Civ. Pro. § 190, subd. 2), and the appeal therefrom should be dismissed, with costs.

CHASE, COLLIN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.