Valerio v New York City Tr. Auth. (2025 NY Slip Op 51073(U))

[*1]

Valerio v New York City Tr. Auth.

2025 NY Slip Op 51073(U)

Decided on July 3, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 3, 2025
Supreme Court, Kings County

United Valerio, Plaintiff,

against
New York City Transit Authority and COREY KEATON, Defendants.

Index No. 522724/2022

Rosenberg Minc Falkoff, & Wolff, LLP, New York City (Daniel C. Minc of counsel), for plaintiff.
Rozario Touma, P.C., New York City (Michele P. Rannie of counsel), for defendant.

Aaron D. Maslow, J.

This is an action to recover damages for personal injuries and future medical expenses sustained by Plaintiff United Valerio ("Plaintiff") resulting from a motor vehicle accident that occurred on March 31, 2022. On that date, Plaintiff was operating his motorcycle on 4th Avenue at or near its intersection with 55th Street, in Brooklyn, New York. While traveling southbound on his motorcycle, Plaintiff was struck by the bus owned by the Defendant New York City Transit Authority ("Defendant Transit Authority") and operated by Defendant Corey Keaton ("Defendant Keaton").[FN1]
Defendant Keaton failed to yield the right of way in making a left turn from northbound 4th Avenue onto 55th Street, causing Plaintiff to slam into the bus.
The issue of liability was resolved on September 11, 2024, when Plaintiff's motion for summary judgment against Defendants was granted (see NYSCEF Doc No. 23). Defendant Transit Authority agreed before trial that it was one hundred percent liable and, therefore, it stipulated to withdrawal of an affirmative defense of comparative negligence. The sole issue remaining for trial was the determination of damages.
The trial on damages began on June 30, 2025. Before the Court was Defendant Transit Authority's motion in limine, made on the record before the trial commenced, seeking to preclude the testimony of Plaintiff's wife, Patricia Estrella. Defendant Transit Authority set forth several arguments for preclusion, including that Plaintiff's counsel had failed to provide any [*2]information regarding Ms. Estrella's testimony and that they did not have the opportunity to depose her. Defendant Transit Authority further contended that Ms. Estrella was not present on the night of the accident and, therefore, should not be permitted to testify. Finally, Defendant urged the Court to preclude Ms. Estrella's testimony because Plaintiff Valerio, via his own admission, stated that he was not living with Ms. Estrella at the time of the statutory hearing or deposition hearing.
In opposition, Plaintiff argued that Defendants had been sent a formal notice of Ms. Estrella's appearance and they failed to request a deposition of her. Plaintiff also emphasized that despite not being present for the accident itself, he lived with his wife, and was, therefore, homebound with her following the accident. Finally, Plaintiff clarified that his wife's testimony would not be cumulative with respect to his own testimony, as her testimony would characterize his state before and after the accident, and how his condition has impacted his family. Plaintiff emphasized the common presentation of a wife's testimony in a trial where the jury determines damages.
In a decision issued from the bench, the Court denied Defendant Transit Authority's motion in limine to preclude Ms. Estrella's testimony. The Court further explicates its reasoning in this decision.
To the extent that Ms. Estrella's testimony would be cumulative, this Court was guided by the authority of Rucigay v Wyckoff Hgts. Med. Ctr. (194 AD3d 865, 867 [2d Dept 2021]) and Abbott v New Rochelle Hosp. Med. Ctr. (141 AD2d 589, 591 [2d Dept 1988]), which make clear that whether to admit or exclude cumulative evidence lies within the sound discretion of a trial court. Based on the Court's review of case law and considering the parties' arguments, the Court does not agree with Defendant Transit Authority's position.
In Rucigay v Wyckoff Hgts. Med. Ctr., a patient who was admitted to the hospital fell after quickly standing up to answer the phone, sustaining injuries that required surgery and ultimately leading to his death. The trial court limited the plaintiff's second expert from offering testimony that was cumulative of the plaintiff's first expert's testimony and allowed the second expert to testify only on matters not addressed by the first. This was a proper exercise of the court's discretion (see Rucigay v Wyckoff Heights Med. Ctr., 194 AD3d at 867). Similarly, in Abbott v New Rochelle Hosp. Med. Ctr., a medical malpractice case featured testimony from both a neurologist and an obstetrician-gynecologist, as well as a third expert whose testimony would have largely repeated that of the first two. The court did not prohibit the plaintiff from calling the third expert outright but limited the scope of his testimony, recognizing that whether to admit or limit cumulative evidence is left to the trial court's discretion (see Abbott v New Rochelle Hosp. Med. Ctr., 141 AD2d at 591).
Over 100 years ago, the Court of Appeals cautioned, "If competent evidence of qualified witnesses may be excluded because in the judgment of the court it would be a waste of time to hear it, proceedings may be disposed of arbitrarily. This is not a proper field for the enlargement of the court's discretion." (Matter of Reed, 221 NY 585, 587 [1917]). In other words, a court's discretion to exclude testimony must be carefully exercised.
The Court notes that Defendant Transit Authority was aware of Ms. Estrella's status as Plaintiff's wife; in his deposition he provided her name. Defendant Transit Authority did not subpoena Ms. Estrella to a non-party deposition, which it could have. Moreover, it would be expected that Plaintiff's wife's testimony would refer to Plaintiff's condition and, based on his deposition testimony, Defendant Transit Authority was familiar with Plaintiff's condition. Thus, [*3]there was little prejudice to Defendant Transit Authority from permitting Plaintiff to call his wife as a witness at trial.
Moreover, the testimony of Plaintiff's wife would provide unique insight into Plaintiff's condition at home, including the impact on the family, the Plaintiff's mobility, and the daily assistance required, and thus was not to be dismissed merely as a waste of time. Plaintiff's wife's testimony was expected to add a distinct perspective on the Plaintiff's daily life and home care needs. As was stated in Segota v Tishman Const. Corp. of NY (131 AD3d 851, 854 [1st Dept 2015]), where the Appellate Division reversed the trial court, "Nor was the proffered testimony of plaintiff's wife likely to be cumulative, notwithstanding her not having asserted a derivative claim. The wife had a unique perspective on her husband's condition before and after the accident, and could have assisted the jury in further understanding the extent of his disability and of his pain and suffering."
Similarly, it was held:
Defendants' motion to preclude cumulative "lay witness" testimony is denied. In opposition, plaintiff represents that plaintiff's daughter will be the only lay witness to testify, and that she lives with her father as his caretaker and will testify to the extent of his injuries and his loss of enjoyment of life. Contrary to defendants' claim, plaintiff's ability to testify as to these issues does not preclude his daughter's testimony where, as here, she may offer a "unique perspective" on her father's condition before and after the accident and assist the jury in understanding the extent of his disability and pain and suffering [citation omitted]." (Voulgaris v City of NY, 2024 WL 2945597 [Sup Ct, NY County 2024].)
Accordingly, Defendant's motion in limine to preclude Plaintiff's wife from testifying was denied.
HON. AARON D. MASLOW
Justice of the Supreme Court of the
State of New York

Footnotes

Footnote 1:Corey Keaton was dropped as a defendant at the outset of the trial, which commenced on June 30, 2025, but he is referred to herein as a defendant.