■ THEODORE LASEK, Appellant, v RICHARD NACHTIGALL, Respondent.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Levine, J.), entered October 18, 1990, which, upon granting the defendant's motion to dismiss the complaint based upon the plaintiff's failure to comply with CPLR 3101 (d), dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff failed to show good cause why he did not disclose the fact that he retained an expert witness two weeks prior to trial until after opening statements had been made and the first witness had been called to testify. Under such circumstances, the trial court properly precluded the plaintiff's expert from testifying at trial *(see, Corning v Carlin,* 178 AD2d 576). Moreover, the plaintiff could not have made out a prima facie case since "[p]roof that the defendant's conduct constituted a deviation from the requisite standard of care could only be adduced by expert opinion testimony" *(Sohn v Sand,* 180 AD2d 789, 790). Accordingly, the trial court properly dismissed the complaint. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.