[678 NYS2d 47]

In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a, Respondents. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 17, 1998

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill* for petitioner.

*Daniel S. Katz,* respondent *pro se.*

No appearances for other respondents.

**OPINION OF THE COURT**

Per Curiam.

■ Section 468-a of the Judiciary Law requires every resident and nonresident attorney admitted to practice in the State of New York to file a biennial registration statement with the administrative office of the courts. A biennial registration fee must be paid at the time the statement is filed. This registration statement, which is mailed every two years by the Office of Court Administration to every attorney so admitted, must be timely filed and the fee paid regardless of whether the attorney is actually engaged in the practice of law in New York or elsewhere. Attorneys who certify to the Chief Administrator of the Courts that they have retired from the practice of law are exempt from paying the registration fee at the time the statement is filed. Subdivision (5) of the statute provides further that "[n]oncompliance by an attorney with the provisions of this section and the rules promulgated hereunder shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division of the supreme court for disciplinary action."

Pursuant to this provision, petitioner Departmental Disciplinary Committee seeks an order suspending from the practice of law certain attorneys who are in violation of the statute, in that they have failed to file the registration statement and pay the registration fee for one or more registration periods after due notification. This Court has previously held that failure to register, or re-register, and pay the biennial registration fee is professional misconduct warranting discipline (*see, Matter of Horoshko*, 218 AD2d 339, 341). By orders entered April 24, 1997 (230 AD2d 366) and February 3, 1998 (240 AD2d 106), this Court granted similar motions and suspended those attorneys whose names were enumerated on an attached schedule for such failure to register, or re-register, and pay the registration fee.

The attorneys in question on the instant motion have received notification of their noncompliance in the following manner. The Office of Court Administration mailed each of the defaulting attorneys two notices to their last known business address and one notice to their last known home address. Attorneys who remained in default following these three notices were referred to the Departmental Disciplinary Committee, which mailed a notice of an imminent suspension motion to the last known business address of the subject attorney. Pursuant to the order of this Court dated March 24, 1998, which provided

for service of the suspension motion by publication in the New York Law Journal for five consecutive days, a list of the defaulting attorneys along with their last known business addresses was so published commencing June 2, 1998. Following publication, the motion was called in open court on June 23, 1998. Those attorneys who remain in noncompliance with Judiciary Law § 468-a despite the notification and motion process described are the subject of petitioner's motion for suspension.

■ One respondent, Daniel S. Katz, whose name appears on the list of attorneys in default, has filed papers in opposition to the instant petition as to him, claiming that his employment as a law clerk for a Judge on the United States Court of International Trade exempts him from compliance with the registration fee requirement of Judiciary Law § 468-a because the Judge for whom he works is exempt from such requirement. Under 22 NYCRR 118.1 (g), State and Federal Judges are deemed "retired" and are thus exempt from paying the biennial registration dues when they file the biennial registration statement. Respondent contends that it is a denial of equal protection under the New York and US Constitutions to deny him a similar exemption, arguing that there is "no rational basis for discriminating between federal Judges and their law clerks." To the contrary, the rational basis for distinguishing between Judges and their law clerks is readily apparent. A Judge, whether elected or appointed, serves in a uniquely distinctive capacity in our legal system, unlike the Judge's law clerk, a court employee, who renders advice and assistance on legal issues. Moreover, while respondent correctly points out that both Federal Judges and their law clerks are not permitted to "practice law," this may be said of other attorneys who are employed by the government, whether State or Federal, all of whom are nonetheless required to pay the biennial registration fee. Thus, the application of the statute to respondent does not deny him equal protection under the New York and US Constitutions, and his request that the instant petition be denied as to him is denied.

Accordingly, due to the continued failure to comply with the statute, petitioner's motion is granted to the extent of suspending those attorneys whose names are enumerated in the attached schedule from the practice of law in the State of New York until further order of this Court. [As amended by unpublished orders entered Oct. 13, 1998, Oct. 29, 1998, Nov. 17, 1998, Nov. 19, 1998, Dec. 8, 1998, Dec. 15, 1998, Dec. 22, 1998, Jan. 21, 1999, Feb. 2, 1999, Feb. 11, 1999, Feb. 18, 1999, Feb. 25, 1999, Apr. 1, 1999 and Apr. 20, 1999.]

MILONAS, J. P., ELLERIN, NARDELLI, WILLIAMS and MAZZA-RELLI, JJ., concur.

Petitioner's motion is granted to the extent of suspending from the practice of law in the State of New York those attorneys whose names are enumerated in the schedule attached to the opinion Per Curiam, effective October 19, 1998, and until the further order of this Court, as indicated.