99 AD2d 91, 96). Here, far from acting inequitably towards defendant, plaintiff actively helped defendant make a substantial profit by means of the invalid lease arrangement.

Nor is plaintiff's action time-barred. This is not a separate action for rescission, but a motion to vacate a consent judgment in the same action wherein it was entered. Plaintiff's motion was timely under CPLR 5015 (a) because the statute contains no stated time limit, except with respect to a motion to vacate a default judgment. Moreover, even if the Thornton overcharge action were not dormant, and even if plaintiff were willing and able to intervene, the court in that action would be unable to vacate the consent judgment, because CPLR 5015 mandates that a motion to vacate a judgment must be made to the court which rendered it initially.

Though we are constrained to acknowledge that the lease is void, this Court is concerned that plaintiff may have benefited unjustly at the Thorntons' expense. Accordingly, we grant plaintiff's motion without prejudice to the assertion of any claims among the parties and/or the Thornton tenants with respect to profits obtained in violation of the Rent Stabilization Law. Concur—Rosenberger, J. P., Nardelli, Ellerin, Andrias and Saxe, JJ.

■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. CONNOLLY v CROWN CORK & SEAL COMPANY, INC. DUNN v CROWN CORK & SEAL COMPANY, INC. FITZPATRICK v CROWN CORK & SEAL COMPANY, INC. [715 NYS2d 142] —Appeals withdrawn and unpublished decisions and orders of this Court entered on May 25, 2000 (Appeal Nos. 847-849) recalled and vacated. Concur—Wallach, J. P., Lerner, Rubin and Buckley, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. ROBERT CHRISTOPHER MARINO, Admitted in 1987, at a Term of the Appellate Division, Second Department. [713 NYS2d 284] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [See, 247 AD2d 158.]

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. JOHN SPENCER MELDER, Admitted on October 26, 1992, at a Term of the Appellate Division, First Department. [713 NYS2d 284] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P.,