■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. MORDCHAI KRAUSZ, Admitted in 1990, at a Term of the Appellate Division, Second Department. [716 NYS2d 553] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [See, 247 AD2d 158.]

SECOND DEPARTMENT, AUGUST, 2000

(August 7, 2000)

■ GEX ANTOINE, Appellant, v FREDERICK GULMI et al., Respondents. [713 NYS2d 121] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Patterson, J.), entered December 23, 1998, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the plaintiff's cause of action to recover damages based upon lack of informed consent, and upon a jury verdict, is in favor of the defendants and against him dismissing the complaint, and (2) an order of the same court dated September 8, 1999, which denied his motion pursuant to CPLR 4404 to set aside the verdict.

Ordered that the judgment and the order are affirmed, with one bill of costs.

The Supreme Court properly granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the plaintiff's cause of action to recover damages based upon lack of informed consent since the plaintiff failed to adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent (see, CPLR 4401-a; see also, Davis v Caldwell, 54 NY2d 176, 182).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Altman and H. Miller, JJ., concur.