■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. ANNE O'CONNOR MCCRORY, admitted on June 4, 1990, at a Term of the Appellate Division, First Department. [727 NYS2d 618] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [*See*, 247 AD2d 158.]

(May 31, 2001)

■ NANCY L. NAUSCH et al., Appellants, v AON CORP. et al., Respondents. [724 NYS2d 864] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered February 22, 2000, dismissing the complaint and imposing costs of $650 to be paid to defendants, unanimously reversed, on the law, without costs, the judgment vacated, the complaint reinstated and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered on or about February 3, 2000, granting defendants' motion for summary judgment dismissing the complaint and denying plaintiffs' cross motion for partial summary judgment on the first cause of action, unanimously dismissed, without costs, as subsumed within appeal from judgment.

The contract, being reasonably susceptible to more than one interpretation in relevant part, is ambiguous regarding whether plaintiff's decedent was to be employed at will or for a term of years (*TSR Consulting Servs. v Steinhouse*, 267 AD2d 25; *Levey v Leventhal & Sons*, 231 AD2d 877; *Myers v Coradian Corp.*, 92 AD2d 643), thus precluding summary judgment. Insofar as the agreement is ambiguous to this extent, parol evidence may be admissible on the issue. We have considered the remaining contentions of defendants and find them to be unavailing. Concur—Sullivan, P. J., Tom, Mazzarelli, Ellerin and Friedman, JJ.