CLAUDIA HARPER et al., Appellants, v RICHARD FINDLING, Respondent. [832 NYS2d 266]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered February 3, 2006, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiffs' case, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly precluded the plaintiffs from introducing expert testimony with respect to the issue of informed consent and therefore correctly granted the defendant's motion pursuant to CPLR 4401 for judgment in his favor as a matter of law with respect to that issue. Pursuant to CPLR 3101 (d), a party is required, upon due demand, to disclose "the substance of the facts and opinions on which [the] expert is expected to testify." Here, the defendant duly demanded that the plaintiffs disclose the substance of the anticipated expert testimony. Insofar as is relevant to the claim of lack of informed consent, however, the plaintiffs responded only that "the defendant departed from the good and accepted practice of medicine in the treatment of the plaintiff in . . . failing to [obtain] adequate informed consent." The plaintiffs subsequently refused the defendant's request that they supplement their expert disclosure by providing specifics regarding the claim that the defendant failed to obtain adequate informed consent. Because the plaintiffs' conclusory response failed to satisfy the disclosure requirement (*see Curatola v Staten Is. Med. Group,* 243 AD2d 673 [1997]), resulting in prejudice to the defendant (*cf. Beard v Brunswick Hosp. Ctr.,* 220 AD2d 550, 551 [1995]), the Supreme Court properly precluded testimony of the expert with respect to this issue (*see Bauernfeind v Albany Med. Ctr. Hosp.,* 195

AD2d 819, 820 [1993]). In the absence of such testimony, the claim was properly dismissed (*see* CPLR 4401-a; *Antoine v Gulmi*, 275 AD2d 294 [2000]; *Berger v Becker*, 272 AD2d 565, 566 [2000]; *Lasek v Nachtigall*, 189 AD2d 749 [1993]).

The Supreme Court also properly granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law with respect to the plaintiffs' claim that the defendant negligently performed the colonoscopy. "In order to establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of injury" (*Perrone v Grover*, 272 AD2d 312 [2000]). Here, because the plaintiffs and their expert witness presented no evidence as to the applicable standard of care, they failed to establish a prima facie case of medical malpractice (*see Pace v Jakus*, 291 AD2d 436, 437 [2002]; *Perrone v Grover, supra* 272 AD2d at 313; *DeCicco v Roberts*, 202 AD2d 165 [1994]). Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.