■ KAREN DEADWYLER et al., Appellants, v NORTH SHORE UNIVERSITY HOSPITAL AT PLAINVIEW et al., Respondents. [866 NYS2d 306]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated February 23, 2007, as granted the motion of the defendants North Shore University Hospital at Plainview and Francesco Tenti, made at the close of the plaintiffs' case, pursuant to CPLR 4401 and 4401-a for judgment as a matter of law dismissing the complaint insofar as asserted against them, and the separate motion of the defendants Blas Royo, H.I.P. Medical Center, and Andres Ruppert, made at the close of the plaintiffs' case, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them, and (2) an order of the same court dated April 20, 2007, which denied their motion for leave to reargue.

Ordered that the appeal from the order dated April 20, 2007 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 23, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted that branch of the motion of the defendants North Shore University Hospital at

Plainview and Francesco Tenti pursuant to CPLR 4401-a for judgment as a matter of law dismissing the cause of action to recover damages based on lack of informed consent insofar as asserted against them since the plaintiffs failed to adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent (*see* CPLR 4401-a; *Antoine v Gulmi*, 275 AD3d 294 [2000]; *see also Rodriguez v New York City Health & Hosps. Corp.*, 50 AD3d 464 [2008]).

The Supreme Court also properly granted those branches of the defendants' separate motions which were pursuant to CPLR 4401 for judgment as a matter of law with respect to the plaintiffs' claim that the defendants North Shore University Hospital, Blas Royo, H.I.P. Medical Center, and Andres Ruppert were negligent in failing to prevent the plaintiff Karen Deadwyler from developing blood clots.

In order to establish "a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury" (*Berger v Becker*, 272 AD2d 565, 565 [2000]; *see Elliot v Long Is. Home, Ltd.*, 12 AD3d 481, 482 [2004]; *Hanley v St. Charles Hosp. & Rehabilitation Ctr.*, 307 AD2d 274, 277 [2003]). "Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" (*Nichols v Stamer*, 49 AD3d 832, 833 [2008], quoting *Lyons v McCauley*, 252 AD2d 516, 517 [1998]; *see Berger v Becker*, 272 AD2d at 566; *Lasek v Nachtigall*, 189 AD2d 749 [1993]). Here, because the plaintiffs presented no evidence from an expert witness as to the applicable standard of care, they failed to establish a prima facie case of medical malpractice (*see Harper v Findling*, 38 AD3d 601, 602 [2007]; *Pace v Jakus*, 291 AD2d 436, 437 [2002]).

The plaintiffs' remaining contentions are without merit.

Motion by the respondents North Shore University Hospital at Plainview and Francesco Tenti, and separate motion by the respondents Blas Royo, H.I.P. Medical Center, and Andres Ruppert, inter alia, to dismiss an appeal from an order of the Supreme Court, Nassau County, dated April 20, 2007, on the ground that no appeal lies from an order denying a motion for leave to reargue. By decision and order on motion of this Court dated March 20, 2008 [2008 NY Slip Op 67126(U)], among other things, those branches of the motions were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers submitted in support of the motions, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branches of the respondents' motions which were to dismiss the appeal from the order dated April 20, 2007 are denied as academic in light of our determination on the appeal. Mastro, J.P., Lifson, Covello and Carni, JJ., concur.