■ ANGELA PIETER, Appellant, v NICHOLE M. POLIN et al., Respondents. [50 NYS3d 509]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Nahman, J.), entered September 19, 2014, which, upon the granting of the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against the defendants Nicole M. Polin, Arash Salemi, and New York-Presbyterian/Weill Cornell Hospital, is in favor of those defendants and against her, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

On October 23, 2007, the plaintiff was admitted to the defendant New York-Presbyterian/Weill Cornell Hospital (hereinafter the hospital) and underwent two cardiac catheterization procedures performed by the defendant Nichole M. Polin. The next day, she underwent coronary artery bypass surgery performed by the defendant Arash Salemi. In March 2010, the plaintiff commenced this action against the defendants to recover damages for medical malpractice and lack of informed consent arising from the surgeries. At the ensuing jury trial, the defendants moved pursuant to CPLR 4401, at the close of the plaintiff's case, to dismiss the complaint insofar as asserted against Polin, Salemi, and the hospital. The Supreme Court granted the motion and dismissed the complaint.

"To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the jury could find for the plaintiff against the moving defendant" (*Pitt v New York City Tr. Auth.,* 146 AD3d 826, 827 [2017] [internal quotation marks omitted]; *see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *Santos v Deanco Servs., Inc.,* 142 AD3d 137, 143-144 [2016]). "In considering such a motion, trial courts 'must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Santos v Deanco Servs., Inc.,* 142 AD3d at 144 [internal quotation

marks omitted], quoting *Rumford v Singh,* 130 AD3d 1002, 1004 [2015]).

In order to establish a prima facie case of medical malpractice, a plaintiff must prove " '(1) the standard of care in the locality where the treatment occurred, (2) that the defendant[s] breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury' " (*Deadwyler v North Shore Univ. Hosp. at Plainview,* 55 AD3d 780, 781 [2008], quoting *Berger v Becker,* 272 AD2d 565, 565 [2000]; *see Brown v Shah,* 109 AD3d 948, 949 [2013]; *Dockery v Sprecher,* 68 AD3d 1043, 1045 [2009]; *Harper v Findling,* 38 AD3d 601, 602 [2007]; *Lyons v McCauley,* 252 AD2d 516, 517 [1998]). " 'Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause' " (*Novick v South Nassau Communities Hosp.,* 136 AD3d 999, 1000 [2016], quoting *Lyons v McCauley,* 252 AD2d at 517; *see Sushchenko v Dyker Emergency Physicians Serv., P.C.,* 86 AD3d 638, 639 [2011]; *Dockery v Sprecher,* 68 AD3d at 1045; *Berger v Becker,* 272 AD2d at 565).

Here, the plaintiff failed to adduce expert testimony to establish the standards of care applicable to the performance and interpretation of cardiac diagnostics tests and the development and execution of treatment plans; that the defendants departed from good and accepted practice in interpreting the results of the catheterizations, in making the determination to proceed with bypass surgery, or in performing the surgery; or that the performance of a second catheterization or the failure to perform an intravascular ultrasound proximately caused her injuries. The plaintiff, therefore, failed to establish a prima facie case of medical malpractice (*see Brown v Shah,* 109 AD3d at 949; *Perricone-Bernovich v Gentle Dental,* 60 AD3d 744, 745 [2009]; *Deadwyler v North Shore Univ. Hosp. at Plainview,* 55 AD3d at 781; *Godlewska v Niznikiewicz,* 8 AD3d 430, 431 [2004]).

The plaintiff also failed to establish a prima facie case of lack of informed consent due to the lack of any expert testimony adduced during her case in support of the alleged qualitative insufficiency of her consent (*see* CPLR 4401; *Orphan v Pilnik,* 15 NY3d 907, 908 [2010]; *Deadwyler v North Shore Univ. Hosp. at Plainview,* 55 AD3d at 781).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against Palin, Salemi, and the

hospital (*see Brown v Shah*, 109 AD3d at 949; *Perricone-Bernovich v Gentle Dental*, 60 AD3d at 745; *Deadwyler v North Shore Univ. Hosp. at Plainview*, 55 AD3d at 781; *Godlewska v Niznikiewicz*, 8 AD3d at 431). Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.