People v Chowdhury (2020 NY Slip Op 00924)





People v Chowdhury


2020 NY Slip Op 00924


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10796 3368/14

[*1] The People of the State of New York, Respondent,
v
Mohammed Chowdhury, Defendant-Appellant.


The Law Office of Samuel Gregory, Brooklyn (Samuel Gregory of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lori Ann Farrington of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered May 2, 2018, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him to a term of 18 years, unanimously affirmed.
On appeal, defendant contends that the official court interpreter's translation of the testimony of two trial witnesses was so defective as to deprive him of the right of confrontation and a fair trial. After the direct examination of the first witness, a question arose about whether the interpreter was providing verbatim, accurate translations. At that point, the court reminded the interpreter of his duty to provide simultaneous verbatim translations. Defendant sought a mistrial on the ground that the interpreter's alleged errors hampered his ability to fully confront the witness. The court denied defendant's motion.
The court providently exercised its discretion in denying defendant's mistrial motion. When defendant made the motion, there was an insufficient basis for finding that the purported translation errors were so egregious as to warrant a mistrial, which was the only remedy requested. Notably, defendant did not request that a new interpreter be appointed. Nor did he accept the court's offer to reopen the direct examination of the witness. Further, defendant raised no objection to the interpretation of the cross-examination testimony of this witness, which continued with the same interpreter.
Defendant abandoned, or failed to preserve, his claim with respect to the translation of the testimony of the second witness, and we decline to review this claim in the interest of justice. When the People raised alleged translation deficiencies during this witness's direct testimony, defendant expressed no objections or concerns, even though the same interpreter was being used. To the contrary, defendant disputed the People's claim that the translation was not accurate. When the court decided to give a curative instruction to the jury, defendant consented and sought no additional relief.
As an alternate holding, we reject the claim on the merits. Defendant has not established, on the record before us, that the interpreter made "a serious error in translation" so as to warrant a new trial (People v Frazier, 159 AD2d 278, 278 [1st Dept 1990], lv denied 76 NY2d 857 [1990]). Nor has defendant shown that the alleged problems with the translation prevented him from conducting an effective cross-examination or caused any other prejudice (see People v Kowlessar, 82 AD3d 417, 418 [1st Dept 2011]; People v Watkins, 12 AD3d 165, 166 [1st Dept 2004], lv denied 5 NY3d 771 [2005]).
Defendant did not preserve his claim that the court improperly questioned an expert witness, and we decline to review it in the interest of justice. As an alternative holding, we find that the record fails to support defendant's contention that the court took on the function and appearance of an advocate. The court's limited questioning of defendant's expert was a permissible attempt to clarify the testimony for the jury's benefit (see People v Adams, 117 [*2]AD3d 104, 109 [1st Dept 2014], lv denied 24 NY3d 1000 [2014]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK