Rucigay v Wyckoff Hgts. Med. Ctr. (2021 NY Slip Op 03072)





Rucigay v Wyckoff Hgts. Med. Ctr.


2021 NY Slip Op 03072


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-10322 
2018-10454
 (Index No. 9540/13)

[*1]John D. Rucigay, etc., et al., appellants, 
v
Wyckoff Heights Medical Center, et al., defendants, Vichai Lotongkhum, et al., respondents. (Appeal No. 1.)
John D. Rucigay, etc., et al., appellants,
v
Wyckoff Heights Medical Center, respondent, et al., defendants. (Appeal No. 2.)


Paul W. Cutrone (Arnold E. DiJoseph, P.C., New York, NY), for appellants.
Furman Kornfeld & Brennan LLP (Rubin Paterniti Gonzalez Kaufman, LLP, New York, NY [James W. Tuffin and Juan Gonzalez], of counsel), for respondents in Appeal No. 1.
Arshack, Hajek & Lehrman, PLLC (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for respondent in Appeal No. 2.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), entered June 7, 2018, and (2) a judgment of the same court entered June 28, 2018. The judgment entered June 7, 2018, upon a jury verdict in favor of the defendants Vichai Lotongkhum and Jigar Patel, is in favor of those defendants and against the plaintiff, in effect, dismissing the complaint insofar as asserted against those defendants. The judgment entered June 28, 2018, upon the granting of the motion of the defendant Wyckoff Heights Medical Center pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it, is in favor of that defendant and against the plaintiffs, in effect, dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgments are affirmed, with one bill of costs payable by the plaintiffs to the respondents appearing separately and filing separate briefs.
On June 8, 2012, Emil J. Rucigay (hereinafter the decedent), then 83 years old, was admitted to the defendant Wyckoff Heights Medical Center (hereinafter the hospital) complaining of dizziness and shortness of breath. The defendants Vichai Lotongkhum, a cardiologist, and Jigar Patel, an internist (hereinafter together the defendant physicians), treated the decedent at the hospital. On June 11, 2012, while still admitted to the hospital, the decedent fell after standing quickly to [*2]answer the phone, fracturing his cervical spine. He underwent surgery for his injuries on June 17, 2012, after which he experienced complications and was placed on a ventilator. The decedent was removed from life support, and he died on July 7, 2012.
The plaintiffs commenced the instant action, inter alia, to recover damages for medical malpractice, alleging that the defendants failed to evaluate the decedent as being at high risk for falls and to take proper precautions to prevent his fall. The matter proceeded to a jury trial. At the close of the evidence, the Supreme Court granted the hospital's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it. Thereafter, the jury returned a verdict in favor of the defendant physicians, finding that adequate fall prevention measures were in place on the date of the decedent's fall. Judgment was entered in favor of the hospital upon the court's granting of the hospital's motion for judgment as a matter of law, and judgment was entered in favor of the defendant physicians upon the jury verdict in their favor. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the Supreme Court properly granted the hospital's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it. "To be entitled to judgment as a matter of law pursuant to CPLR 4401, the defendant has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff, the plaintiff has not made out a prima facie case" (Nichols v Stamer, 49 AD3d 832, 833; see CPLR 4401; Pieter v Polin, 148 AD3d 1193, 1193). "The court may grant the motion only if there is no rational process by which the jury could find for the plaintiff against the moving defendant" (Nichols v Stamer, 49 AD3d at 833; see Feteha v Scheinman, 169 AD3d 871, 872). "In order to establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant[
] breached that standard of care, and (3) that the breach of the standard was the proximate cause of the injury" (Deadwyler v North Shore Univ. Hosp. at Plainview, 55 AD3d 780, 781 [internal quotation marks omitted]; see Pieter v Polin, 148 AD3d at 1194).
Here, the plaintiffs' expert physician, Nicholas DePace, testified on direct examination that the hospital deviated from the standard of care by underestimating, on the Morse scale system, the decedent's risk of falling. He further opined that the decedent should have not have been permitted to get out of bed without assistance. However, on cross-examination, DePace acknowledged that, despite categorizing the decedent as a low fall risk, the hospital implemented fall precautions used for high-risk patients and that he had "no problem" with the fall protocol implemented under the Morse scale. Additionally, while DePace opined that the decedent should have had personal assistance for getting out of bed, he agreed that only a physician can order one-to-one observation and bed rest. "Such admissions were fatal to the [plaintiffs'] establishment of a prima facie case on the issue of liability for medical malpractice" (Feteha v Scheinman, 169 AD3d at 873).
The plaintiffs argue on appeal that the Supreme Court committed reversible error in precluding the admission into evidence of two nursing notes that contained statements of the decedent under the Dead Man's Statute. However, as the defendants correctly argue, the notes at issue were ultimately read to the jury without objection. Accordingly, any error in initially precluding the notes was harmless.
The plaintiffs also argue, on appeal, that the Supreme Court erred in precluding the admission into evidence of the decedent's autopsy report and "expiration report." "[T]he opinion expressed in the autopsy report as to the cause of death is inadmissible hearsay" (Schelberger v Eastern Sav. Bank, 93 AD2d 188, 198). "[W]hile the autopsy findings are admissible to establish the primary facts stated therein, opinions as to the cause of death contained in such report are not admissible" (People v Violante, 144 AD2d 995, 996). At trial, the plaintiffs argued that the documents were admissible to establish the decedent's cause of death. The plaintiffs' argument that the full autopsy report should have been admitted because it "confirms every aspect of decedent's injuries from his fall without equivocation" was not raised at trial, and thus, is unpreserved for appellate review (see Aronov v Kanarek, 166 AD3d 574, 576).
The plaintiff contends that the Supreme Court erred in limiting the testimony of the plaintiffs' second expert physician. "As a general rule, the issue of whether evidence should be excluded as cumulative rests within the sound discretion of the trial court" (Bergamaschi v Gargano, 293 AD2d 695, 696; see Greenberg v Greenberg, 144 AD3d 625, 629; Rosabella v Fanelli, 225 AD2d 1007, 1008). The court providently exercised its discretion in precluding the plaintiffs' second expert from offering testimony that was cumulative of that of the first expert, and permitting him to testify as to matters not covered by the first expert (see Greenberg v Greenberg, 144 AD3d at 629).
The plaintiffs' argument that the Supreme Court erred in limiting the testimony of the decedent's adult children is unpreserved for appellate review, as the plaintiffs failed to timely object to the challenged ruling (see Aranov v Kanarek, 166 AD3d at 576).
The plaintiffs argue that the jury verdict in favor of the defendant physicians was contrary to the weight of the evidence. We disagree. "A verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence" (Evans v New York City Tr. Auth., 179 AD3d 105, 112; see Lolik v Big C Supermarkets, 86 NY2d 744, 746; Nicastro v Park, 113 AD2d 129, 134). "It is for the jury to make determinations as to the credibility of the witnesses, and deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Scarpulla v Williams, 147 AD3d 1101, 1102; see Evans v New York City Tr. Auth., 179 AD3d at 112). Here, the jury was entitled to credit the testimony of the defendant physicians' expert that the fall precaution measures were appropriate and that any alleged deviation in the standard of care by the defendant physicians did not cause the decedent to fall (see Saccone v Gross, 84 AD3d 1208, 1209).
Contrary to the plaintiffs' contention, there is no indication on this record that the jury was "substantially confused" by the verdict sheet and the charge (Martinez v Te, 75 AD3d 1, 6 [internal quotation marks omitted]).
The plaintiffs' remaining contentions are without merit.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court