Kelly v New York City Health & Hosps. Corp. (2021 NY Slip Op 03314)





Kelly v New York City Health & Hosps. Corp.


2021 NY Slip Op 03314


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-01202
 (Index No. 995/08)

[*1]Aisha Kelly, etc., appellant, 
v
New York City Health & Hospitals Corporation, et al., defendants, Nancy Camp, etc., respondent.


Asher & Associates, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
Benvenuto & Slattery (Rubin Paterniti Gonzalez Kaufman, LLP, New York, NY [James W. Tuffin and Juan Gonzalez], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered October 24, 2017. The judgment, upon a jury verdict in favor of the defendant Nancy Camp on the issue of liability, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed, with costs.
The plaintiff, the administrator of the estate of Stefanus Watson (hereinafter the decedent), commenced this medical malpractice action against, among others, the defendant Nancy Camp (hereinafter the defendant) based upon the defendant's treatment of the decedent on December 15, 2005, while working as a physician in the emergency room of St. Vincent's Hospital.
The decedent was admitted to Queens Hospital Center for chest pain on November 30, 2005, and was discharged on December 2, 2005, with instructions to proceed to an emergency room if his chest pain returned or worsened. The decedent went to the emergency room at St. Vincent's Hospital with chest pain on December 15, 2005, and the defendant made the decision, without a cardiology consultation, to send him home instead of admit him to the hospital. On January 8, 2006, the decedent suffered cardiac arrest and died days later.
After a trial, the jury determined that the defendant departed from good and accepted medical practice by not requesting a cardiology consultation and by discharging the decedent instead of admitting him to the hospital, but that neither of these departures was a substantial factor in causing the decedent's death. In a judgment entered October 24, 2017, the complaint was dismissed insofar as asserted against the defendant. The plaintiff appeals.
Contrary to the plaintiff's contention, the verdict in favor of the defendant was not contrary to the weight of the evidence. "To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove that the defendant deviated from accepted standards of [*2]medical practice and that such deviation proximately caused the plaintiff's injuries" (Previtera v Nath, 164 AD3d 848, 850). "'A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (Coma v City of New York, 97 AD3d 715, 715, quoting Stewart v Marte, 91 AD3d 754, 755 [internal quotation marks omitted]). "'[W]here there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view'" (Coma v City of New York, 97 AD3d at 715-716, quoting Bonomo v City of New York, 78 AD3d 1094, 1095). Here, the issues of negligence and proximate cause were not inextricably interwoven, and the jury could have reasonably concluded that while the defendant deviated from accepted standards of medical practice by discharging the decedent and not requesting a cardiology consultation, this was not a proximate cause of the decedent's fatal cardiac arrest because there was no evidence that he followed the discharge instructions to see his own primary care physician within one to two days of his discharge.
The plaintiff's contention that the Supreme Court erred in its charge to the jury is without merit, as the court's instructions adequately conveyed the sum and substance of the applicable law to be charged (see Phillips v United Artists Communications, 201 AD2d 634, 635).
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court