Navarro v Ortiz (2022 NY Slip Op 01457)





Navarro v Ortiz


2022 NY Slip Op 01457


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-03181
 (Index No. 15028/11)

[*1]Maria Navarro, et al., appellants, 
v
Beverly Hannah Ortiz, etc., et al., respondents, et al., defendant.


Maria Navarro and Julio Lopez, Manor Park, NY, appellants pro se.
Benvenuto & Slattery (Rubin Paterniti Gonzalez Kaufman, LLP, New York, NY [Juan C. Gonzalez], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), entered February 5, 2019. The judgment, upon the granting of the motion of the defendants Beverly Hannah Ortiz and Sound Gynecologic Oncology, PLLC, pursuant to CPLR 4401, made at the close of the plaintiffs' case, for judgment as a matter of law dismissing the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiffs dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
In December 2008, the plaintiff Maria Navarro presented to the defendant Beverly Hannah Ortiz, a medical doctor, for treatment and diagnosis of a uterine fibroid. In January 2009, Ortiz performed surgery on Navarro to remove the fibroid. In May 2011, Navarro, and her husband suing derivatively, commenced this action against, among others, Ortiz and her medical practice, the defendant Sound Gynecologic Oncology, PLLC (hereinafter together the defendants), to recover damages for medical malpractice and lack of informed consent arising from the surgery. The action proceeded to trial, at which point the plaintiffs chose to proceed pro se. At the close of the plaintiffs' case, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them. The Supreme Court granted the defendants' motion, and on February 5, 2019, a judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint insofar as asserted against the defendants. The plaintiffs appeal.
The plaintiffs' contention that they were deprived of a fair trial because one of the Spanish interpreters provided to them by the Supreme Court mistranslated their questions and testimony is unpreserved for appellate review, as the plaintiffs failed to move for a mistrial, request a different interpreter, or further object to any specific translations after the court addressed the issue at trial (see Matter of Olivia G. [Olivar I.-G.], 173 AD3d 1688; Duran v Ardee Assoc., 290 AD2d 366, 366; see also People v Chowdhury, 180 AD3d 455, 456). In any event, there is no support in the record for the plaintiffs' contention that they were deprived of a fair trial due to the interpreter's alleged mistranslations (see Ibrahim v Lombardo, 229 AD2d 423, 424; see also People v Chowdhury, 180 AD3d at 456). We have not considered the affidavit of Navarro's daughter in this [*2]regard, as this affidavit is dehors the record (see Wells Fargo Fin. Credit Servs. N.Y., Inc. v Mammen, 191 AD3d 737, 739; Matter of Vega v Vega, 120 AD3d 1427, 1428).
Moreover, any error in the interpreter's translations was harmless, as the plaintiffs failed to establish their prima facie case. "In order to establish a prima facie case of medical malpractice, a plaintiff must prove '(1) the standard of care in the locality where the treatment occurred, (2) that the defendant[s] breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury'" (Pieter v Polin, 148 AD3d 1193, 1194, quoting Deadwyler v North Shore Univ. Hosp. at Plainview, 55 AD3d 780, 781 [internal quotation marks omitted]; see Kelly v New York City Health & Hosps. Corp., 194 AD3d 1032, 1033). "'Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause'" (Pieter v Polin, 148 AD3d at 1194, quoting Novick v South Nassau Communities Hosp., 136 AD3d 999, 1000 [internal quotation marks omitted]). Here, the plaintiffs' expert provided no testimony that Ortiz deviated from the accepted standards of care during the surgery and that any such deviation was a proximate cause of Navarro's injuries (see Kelly v New York City Health & Hosps. Corp., 194 AD3d at 1033; Rucigay v Wyckoff Hgts. Med. Ctr., 194 AD3d 865, 866). The plaintiffs also failed to establish a prima facie case of lack of informed consent, as their expert failed to address this issue at trial (see CPLR 4401-a; Orphan v Pilnik, 15 NY3d 907, 908; Pieter v Polin, 148 AD3d at 1194).
The parties' remaining contentions are without merit.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court