Zavala v Rennew Holding Corp. (2023 NY Slip Op 04337)

Zavala v Rennew Holding Corp.

2023 NY Slip Op 04337

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-04192
 (Index No. 618775/18)

[*1]Luis Humberto Zavala, etc., respondent, 
v
Rennew Holding Corp., defendant third-party plaintiff, et al., defendants; LG C & D Services, Inc., third-party defendant-appellant.

Martyn, Martyn, Smith & Murray, Hauppauge, NY (Kevin Locke of counsel), for third-party defendant-appellant.
Tantleff & Kreinces, LLP, Mineola, NY (Edward D. Tantleff of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 4, 2021. The order denied the third-party defendant's motion, in effect, pursuant to CPLR 3126 to preclude any party from offering certain audio recordings as evidence at trial.
ORDERED that the order is affirmed, with costs.
In August 2018, the plaintiff allegedly was injured while working on a construction project at premises owned by the defendant Rennew Holding Corp. (hereinafter the owner). In September 2018, the plaintiff commenced this action to recover damages for personal injuries against, among others, the owner, alleging common-law negligence and violations of Labor Law §§ 200, 240(1) and 241(6). In August 2019, the owner commenced a third-party action against LG C & D Services, Inc. (hereinafter LG), the plaintiff's employer, seeking, inter alia, indemnification and contribution.
After the sole owner of LG, John M. Krawchick, was deposed, the plaintiff disclosed two audio recordings he had made of certain conversations he previously had with Krawchick. LG then moved, in effect, pursuant to CPLR 3126 to preclude any party from offering the two audio recordings as evidence at trial. LG asserted that the plaintiff, in failing to disclose these audio [*2]recordings until after Krawchick was deposed, violated CPLR 3101(i). By order dated May 4, 2021, the Supreme Court denied LG's motion. LG appeals.
CPLR 3101(i) "requires disclosure of 'any films, photographs, video tapes or audio tapes' of a party, regardless of who created the recording or for what purpose" (Bermejo v New York City Health & Hosps. Corp., 135 AD3d 116, 146, quoting CPLR 3101[i]; see Tai Tran v New Rochelle Hosp. Med. Ctr., 99 NY2d 383, 387-389; Pizzo v Lustig, 216 AD3d 38, 46). "Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815, quoting CPLR 3126 [internal quotation marks omitted]). "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court" (Nationstar Mtge., LLC v Jackson, 192 AD3d at 815; see Smookler v Dicerbo, 166 AD3d 838, 839). However, before a court invokes the remedy of precluding evidence, there must be a clear showing that the failure to comply with discovery was willful and contumacious (see Pizzo v Lustig, 216 AD3d at 44-45; Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739).
Here, the record does not demonstrate that the plaintiff's failure to previously disclose the audio recordings was willful and contumacious but, rather, that the delay was caused by the plaintiff's injuries, which impacted his memory, together with the fact that LG was added as a party about one year after the recordings were made. Accordingly, the Supreme Court providently exercised its discretion in denying LG's motion to preclude (see Gelin v New York City Tr. Auth., 189 AD3d 789, 793; Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910).
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court