Hudler v Reddy (2024 NY Slip Op 01798)

Hudler v Reddy

2024 NY Slip Op 01798

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2019-12133
 (Index No. 9587/07)

[*1]Robin Hudler, appellant, 
v
Devi Reddy, et al., defendants, Mercy Medical Center, respondent.

Ruth E. Bernstein (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Montfort, Healy, McGuire & Salley LLP, Garden City, NY (Donald S. Neumann, Jr., and Michael J. Boranian of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered July 12, 2019. The judgment, upon a jury verdict in favor of the defendant Mercy Medical Center on the issue of liability, and upon the denial of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, is in favor of the defendant Mercy Medical Center and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed, with costs.
On January 3, 2005, the plaintiff was admitted to Long Beach Medical Center (hereinafter Long Beach) and treated for certain gastrointestinal conditions. At Long Beach, the plaintiff was treated, was administered various medications, and began to experience hallucinations. The plaintiff was then examined by two psychiatrists who signed certifications stating that she was in need of involuntary psychiatric hospitalization, and a Long Beach executive signed an application for the admission of the plaintiff as an involuntary patient (see Mental Hygiene Law § 9.27[a]). On January 7, 2005, the plaintiff was medically discharged from Long Beach and transported to Mercy Medical Center (hereinafter Mercy) for psychiatric care. The plaintiff was received by Mercy as an involuntary patient at approximately 12:00 p.m. on January 7, 2005, and was assessed by a psychiatric nurse at that time. However, the plaintiff was not examined by a psychiatrist at Mercy, in this case Ashitbhar Kothari, until the morning of January 8, 2005, approximately 21 hours after her arrival at Mercy. After examining the plaintiff, Kothari determined that the plaintiff continued to need psychiatric care and treatment on an involuntary basis.
In 2007, the plaintiff commenced this action against, among others, Mercy, inter alia, to recover damages for medical malpractice relating to her involuntary admission to and treatment at Mercy. The plaintiff and Mercy proceeded to a jury trial solely with respect to the cause of action alleging medical malpractice. During the trial, the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, relying upon Matter of Pilgrim Psychiatric Ctr. (Christian F.) (197 AD2d 204) and arguing, in substance, that Mercy had failed to strictly comply with the requirements of Mental Hygiene Law § 9.27 in admitting the plaintiff as an involuntary [*2]patient, and therefore, Mercy was liable for medical malpractice as a matter of law. The Supreme Court denied the plaintiff's motion, and the jury ultimately returned a verdict in favor of Mercy on the issue of liability. The plaintiff appeals.
"Any party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue" (CPLR 4401; see Wasserberg v Menorah Ctr. for Rehabilitation & Nursing Care, 197 AD3d 1130, 1131). "To be entitled to judgment as a matter of law pursuant to CPLR 4401, a plaintiff has the burden of showing that there is no rational process by which the jury could find in favor of the defendant and against the moving plaintiff" (Galarza v City of New York, 123 AD3d 660, 660). "In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question" (TJG Realty of Rockland, LLC v Con Serv Constr., Inc., 218 AD3d 713, 716 [internal quotation marks omitted]).
"In order to establish a prima facie case of medical malpractice, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendants breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury" (Navarro v Ortiz, 203 AD3d 834, 835 [alterations and internal quotation marks omitted]; see Rabinovich v Maimonides Med. Ctr., 179 AD3d 88, 93). "Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" (Navarro v Ortiz, 203 AD3d at 836 [internal quotation marks omitted]).
Contrary to the plaintiff's contention, Mental Hygiene Law § 9.27 does not in itself establish a standard of care (see McDonald v New York City Health & Hosps. Corp., 203 AD2d 6, 6-7). In other words, proof of a technical violation of the statute does not establish liability, as a matter of law, for a claim of medical malpractice. Furthermore, Matter of Pilgrim Psychiatric Ctr. (Christian F.) (197 AD2d at 205, 208), in which this Court held that the petitioner, a psychiatric hospital, "must fully comply" with the provisions of the Mental Hygiene Law in order to convert a patient's admission status from voluntary to involuntary and thereby compel electroconvulsive therapy, is entirely inapposite to the context of liability for medical malpractice. In any event, the plaintiff failed to demonstrate that the Supreme Court erred in denying the plaintiff's motion for judgment as a matter of law on the issue of liability.
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Williams v Illinois Tool Works, Inc., 208 AD3d 1206, 1207). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Fernandez v Taping Expert, Inc., 210 AD3d 651, 651-652). "The resolution of credibility issues by the jury, which had the opportunity to observe the witnesses, is entitled to deference" (Grullon v Thoracic Surgical, P.C., 208 AD3d 1163, 1165).
Here, the jury's finding that Mercy did not depart from accepted medical practice was based on a fair interpretation of the evidence and, therefore, was not contrary to the weight of the evidence.
The plaintiff's remaining contention is without merit.
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court