Saint Cloud v Koehler (2026 NY Slip Op 00810)

Saint Cloud v Koehler

2026 NY Slip Op 00810

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-05385
 (Index No. 516873/19)

[*1]Ernest Saint Cloud, appellant, 
vSteven Koehler, etc., et al., respondents, et al., defendants.

G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
Amabile & Erman, P.C., Staten Island, NY (Adriana M. Solimeo of counsel), for respondent Steven Koehler.
Perry, Van Etten, Rozanski & Kutner, LLP, Melville, NY (Geoffrey H. Pforr of counsel), for respondent Dedorah Reede.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Cleland B. Welton II of counsel), for respondents Lorenzo Paladino, Roger Holt, Preston Grieco, Karvyn Torchon, and Elma J. Johnson.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated April 4, 2023. The order denied the plaintiff's motion, in effect, for summary judgment on the issue of liability and to strike the defendants' answers.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In July 2019, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice. By order dated August 2, 2022, the Supreme Court, among other things, directed that the defendants appear for examinations before trial on or before October 18, 2022, and stated that "[f]ailure to comply with this order will result in the non-complying party being precluded from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion, upon further motion for same, pursuant to CPLR 3126(2)." However, on or about October 3, 2022, the deposition of the defendant Steven Koehler was scheduled for November 8, 2022, which was beyond the October 18, 2022 deadline.
On November 4, 2022, the plaintiff moved, in effect, for summary judgment on the issue of liability and to strike the defendants' answers. By order dated April 4, 2023, the Supreme Court denied the plaintiff's motion in its entirety. The plaintiff appeals.
"'Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" (Farrell v Keldiyarov, 234 AD3d 933, 934, quoting Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., [*2]PLLC, 172 AD3d 845, 847). Contrary to the plaintiff's contention, the order dated August 2, 2022, was not a self-executing order of preclusion but, instead, expressly required an additional motion pursuant to CPLR 3126(2) (see Degachi v Faridi, 230 AD3d 634, 635). Moreover, "'[b]efore a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious'" (Wanliss v Retina Assoc. of N.Y., P.C., 230 AD3d 1270, 1271 [internal quotation marks omitted], quoting Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910; see Zavala v Rennew Holding Corp., 219 AD3d 787, 789). Here, the plaintiff failed to establish that the delay in the scheduling of depositions was the result of willful and contumacious conduct on the part of the defendants (see Wanliss v Retina Assoc. of N.Y., P.C., 230 AD3d at 1271; Sokolnik v Voronova, 221 AD3d 1036, 1038).
Turning to the question of whether the plaintiff was entitled to summary judgment on the issue of liability on the merits, in order to establish prima facie entitlement to judgment as a matter of law in a medical malpractice action, the plaintiff was required to present expert evidence of a deviation from accepted standards of medical care which was a proximate cause of the plaintiff's injuries (see Hudler v Reddy, 226 AD3d 654, 656; Navarro v Ortiz, 203 AD3d 834, 836; Pieter v Polin, 148 AD3d 1193, 1194). Here, the plaintiff failed to present such evidence. Accordingly, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the merits, without regard to the sufficiency of the opposing papers (see Buzeska v Crystal Run Healthcare Physicians, LLP, 234 AD3d 656, 659; Woehrle v Buono, 232 AD3d 820, 821).
In view of the foregoing, the Supreme Court properly denied the plaintiff's motion, in effect, for summary judgment on the issue of liability and to strike the defendants' answers.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court